**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PORIFIRIO LEON GUZMAN,<br><br>      Plaintiff,<br><br>   v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security[1],<br><br>      Defendant. | Case No.:  1:21-cv-1039 JLT BAM<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY<br><br>(Docs. 20, 22, and 23) |

Porifirio Leon Guzman seeks judicial review of a final decision denying his application for supplemental security income under Title XVI of the Social Security Act.  (Docs. 1, 20.)  Plaintiff asserts the administrative law judge erred in evaluating the evidence to determine his residual functional capacity—including evidence related to his strength and social interactions—and rejecting his subjective complaints.  (Doc. 20 at 3; *see also id.* at 9-15.)  Plaintiff requests the decision of the ALJ be vacated and the matter be remanded for further proceedings.  (*Id.* at 16.)  The Commissioner opposes remand, asserting substantial evidence supports the decision of the ALJ and the decision should be affirmed.  (*See generally* Doc. 22.)  For the reasons set forth below, Plaintiff's appeal is denied.

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted for Andrew Saul as the defendant in this suit.

**I.      Findings and Recommendations of the Magistrate Judge**

The magistrate judge found substantial evidence supported Plaintiff's physical and mental RFC. (Doc. 23 at 6-9.) Plaintiff argued that "the ALJ failed to account for a later examination in April 2019 that reportedly was consistent with a loss of grip strength in the hands." (*Id.* at 7, citing Doc. 20 at 10, AR 627 [Doc. 12-2 at 631].) However, the magistrate judge found the cited evidence "identified an instance of decreased strength in the left upper extremity, not grip strength." (*Id.*)

In addition, Plaintiff asserted "the ALJ falsely stated Plaintiff had full strength in all extremities" because his grip strength was "severely diminished" at the consultative examination performed by Dr. Rustom Damania. (Doc. 23 at 6, citing Doc. 20 at 20.) The magistrate judge rejected Plaintiff's argument and found the ALJ's characterization of the evidence was consistent with the findings of Dr. Damania. (*Id.*) Specifically, the magistrate judge observed:

> Plaintiff's grip strength with the use of Jamar Hand Dynamometer tested as follows: Right = 0, 0, 0 and Left = 5, 5, 0. AR 523. On physical examination, Plaintiff's "[m]otor strength was 5/5 in all extremities with good tone bilaterally with good active range of motion." AR 524. Based on the objective clinical findings, Dr. Damania opined that Plaintiff's standing and walking capacity was 6 hours and his maximum sitting capacity was 6 hours. Plaintiff did not need an assistive device for ambulation, and he could lift and carry 50 pounds occasionally and 25 pounds frequently. He did not have any postural or manipulative limitations. He also did not have any visual, communicative, or workplace environmental impairments. AR 525. In summarizing Dr. Damania's opinion, the ALJ indicated that on examination Plaintiff "had full strength in all tested extremities." AR 33.

(*Id.*, modifications in original.) The magistrate judge noted that Dr. Damania "did not identify any handling, grasping, or fingering limitations resulting from the grip strength testing," and the ALJ found the opinion was persuasive. (*Id.*) Likewise, the ALJ found the opinions of Drs. Ocrant and Bobba—"who considered Dr. Damania's examination results and… did not identify any handling or fingering limitations based on Dr. Damania's grip strength testing"—were persuasive in determining Plaintiff's physical RFC. (*Id.*) The magistrate judge observed Dr. Ocrant "expressly considered" the grip strength results and stated: "Clearly the clt is exaggerating at the CE and giving poor effort. Witness the grip strengths despite no atrophy or neurological deficits." (*Id.* at 6-7, quoting AR 220 [Doc. 12-2 at 224].) Further, the magistrate judge found

1   "the ALJ correctly determined[] Plaintiff's treatment records generally reflected normal strength
2   and did not consistently document any ongoing decreased grip strength (or even decreased
3   extremity strength) findings on examination." (*Id.*, citing AR 441-42, 474, 495, 499, 536, 542-43,
4   615, 619-20, 623, 631, 635-36, 639-40, 644, 650-51.)  Therefore, the magistrate judge concluded
5   that substantial evidence supported the exclusion of restrictions related to fingering, grasping, and
6   handling from the RFC.  (*Id.* at 7.)

7         Challenging the mental RFC, Plaintiff asserted "the ALJ failed to account for significant
8   restrictions in Plaintiff's ability to interact socially." (Doc. 20 at 11.)  Plaintiff argues, "It appears
9   … the ALJ relied almost exclusively on the fact that he could maintain eye contact to support her
10  position that Plaintiff was not limited in this domain."  (*Id.* at 12.)  The magistrate judge rejected
11  this argument, observing: "While it is true that the ALJ noted Plaintiff's 'treatment records lack
12  indications that the claimant lacked proper eye contact or experienced much irritability during his
13  appointments, this was not the sole basis for excluding any social interaction limitations from the
14  RFC." (Doc. 23 at 8, citing AR 30.)  In addition, the magistrate judge noted that ALJ found these
15  opinions were consistent with evidence in the record.  (*Id.*)  Notably, Plaintiff did "not challenge[]
16  the ALJ's evaluation of the prior administrative findings nor the generally benign nature of [the]
17  mental status examinations."  (*Id.*)  The magistrate judge also determined the ALJ properly
18  considered treatment records to support the mental RFC, and "the ALJ's RFC determination is
19  supported by substantial evidence."  (*Id.* at 8-9.)

20        Finally, Plaintiff argued that the ALJ erred in discounting Plaintiff's subjective complaints
21  related to his physical and mental impairments.  (Doc. 20 at 14-15.)  The magistrate judge found
22  the ALJ considered inconsistencies with the medical evidence concerning grip strength, Plaintiff's
23  normal gait, and behavior; inconsistent statements, including Plaintiff's "remarks that his anxiety
24  improved with treatment"; and "the infrequent and conservative nature of his medical care."
25  (Doc. 23 at 10-14.)  Thus, the magistrate judge opined that "the ALJ provided specific, clear and
26  convincing reasons to discount Plaintiff's subjective complaints regarding his physical and mental
27  impairments." (*Id.* at 10; *see also id.* at 13.)

28        The magistrate judge concluded the decision of the ALJ was "supported by substantial

evidence in the record as a whole and is based on proper legal standards." (Doc. 23 at 13.) Therefore, the magistrate judge recommended that Plaintiff's motion for summary judgment be denied and that the Clerk of Court be directed to enter judgment in favor of Defendant and against Plaintiff. (*Id.* at 13.)

## II.   Objections

Plaintiff contends the Court should reject the magistrate judge's findings "that the ALJ properly supported the assessed mental and physical RFC." (Doc. 24 at 2 [emphasis omitted].) Plaintiff asserts the magistrate judge appears to "conflate extremity strength with grip strength, resulting in an incomplete physical RFC." (*Id.*) Plaintiff maintains, "the ALJ's failure to properly evaluate evidence of physical evidence of diminished grip strength requires remand for further evaluation." (*Id.* at 4.) In addition, Plaintiff contends the magistrate judge erred in finding the ALJ's reliance upon medical opinions of Dr. Brode and Dr. D'Amado[2] to formulate the RFC was proper, "because Dr. Brode ignored substantial evidence and [Dr. D'Amado] articulated no basis in evidence for his findings." (*Id.* at 5.)

Plaintiff also objects to the "finding that the ALJ properly evaluated Plaintiff's subjective complaints." (Doc. 24 at 5-6.) Plaintiff contends the ALJ did not identify any evidence in the record specifically related to grip strength to undermine his subjective complaints, and as a result "the ALJ failed to support her conclusions that Plaintiff's complaints were unsupported by objective medical evidence." (*Id.* at 6.) He also asserts the magistrate judge erred in finding the ALJ properly considered the effectiveness of his treatment and improvement. (*Id.*) Finally, Plaintiff disputes the characterization of his mental health treatment as conservative, asserting "this Court holds that treatment with medications alone, as well as increasing dosages and changing medications are indicative of treatment that is not necessarily conservative." (*Id.*, citing, *e.g.*, *Maria B. v. Saul*, 2020 WL 11884826, at *7 (C.D. Cal. Oct. 30, 2020); *Wilson v. Berryhill*, 2018 WL 6321629, at *4 (C.D. Cal. Jul. 9, 2018).)

The Commissioner filed a response to the objections, asserting Plaintiff now raises

---

[2] Plaintiff incorrectly refers to Dr. Michael D'Amado as Dr. D'Amato. (*See* Doc. 12-2 at 221, 226; Doc. 24 at 5.) In the interest of clarity and accuracy, the Court has corrected the spelling of his name.

arguments not previously made in the opening brief. (Doc. 25 at 2-5.) For example, the Commissioner notes Plaintiff did not previously challenge the ALJ's evaluation—or reliance upon—the medical opinions of Drs. Brode and D'Amado, and as such the challenge was waived. (*Id.* at 3-4.) The Commissioner contends the magistrate judge properly "found that substantial evidence supports the ALJ's decision to discount Plaintiff's symptoms based on his infrequent and conservative treatment," and the citations to decisions the Central District do not undermine the magistrate judge's analysis. (*Id.*) The Commissioner concludes that "the Court should adopt the Findings and Recommendation[s] and affirm the ALJ's decision." (*Id.* at 6.)

### III. Discussion and Analysis

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1). If a party files objections, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.* A de novo review requires the Court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

#### A. Waiver of issues

As an initial matter, the Ninth Circuit found a claimant unable to raise an issue before the federal court that was not raised at the administrative hearing. *Meanel v. Apfel*, 172 F.3d 1111 (9th Cir. 1999). The Ninth Circuit held that "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Id.* at 1115; *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017) (concluding a claimant waived an issue not raised during the administrative proceedings); *Howard v. Astrue*, 330 Fed. App'x 128, 130 (9th Cir. 2009) (finding the plaintiff's argument concerning limitations caused by depression were waived where he was represented by counsel at the hearing, and counsel "never mentioned depression as a limitation"). Following *Meanel* and *Shaibi*, district courts have determined that an issue is waived where an attorney had the opportunity to raise an issue before the ALJ and did not do so. *See, e.g., Guerrero v. Berryhill*, 2017 WL 4174257, at *3 (S.D. Cal. Sept. 21, 2017); *Shaw v. Comm'r of Soc. Sec. Admin.*, 2008 WL 1734761, at *6 (N.D.

Cal. Apr. 14, 2008) (finding "the argument was waived because [the claimant] failed to assert the argument during the proceedings before the ALJ," where he was represented by counsel).

The Court's review of the record reveals that neither Plaintiff nor his counsel raised any manipulative limitations before the ALJ. In a brief to the ALJ submitted before the administrative hearing, Plaintiff's counsel, Melissa Proudian, summarized records she believed supported a conclusion that Plaintiff was "disabled due to his medically determinable impairments." (*See* Doc. 12-2 at 422-25.) As part of this summary, Ms. Proudian indicated:

> On November 14, 2017 the claimant was seen by Dr. Rustom F. Damania, MD, at Valley health resources for an internal medicine evaluation due to chief complaints of headaches, pains, neck pain, and back pain. (Exhibit SF/1). Upon examination, the claimant was diagnosed with headaches following an injury in 1998 (possible migraine); mild degenerative cervical discogenic disease; low back pain; shoulder pain; and hypertension. (Exhibit SF/5).

(*Id.* at 425.) Thus, Ms. Proudian did not address the grip strength findings by Dr. Damania or raise the issue of manipulative limitations in the hearing brief. (*See generally id.* at 422-25.)

Although Plaintiff failed to appear at the administrative hearing, Ms. Proudian appeared. (Doc. 12-2 at 45, 47.) The ALJ requested to know Plaintiff's "theory for disability" at the hearing. (*Id.* at 48.) In response, Ms. Proudian addressed *only* mental impairments, reporting Plaintiff had "new diagnoses of a severe mental impairment." (*Id.*) Thus, again counsel did not address any manipulative limitations or evidence concerning such limitations.

Because Plaintiff was represented by counsel at the administrative hearing and did not raise manipulative limitations or related evidence— including in the hearing brief or when asked to identify the "theory of disability" at the hearing—Plaintiff waived the issue. *See Meanel*, 172 F.3d at 1115 (claimants represented by counsel "*must raise all issues and evidence* at their administrative hearings" or they are waived on appeal) (emphasis added); *Guerrero*, 2017 WL 4174257, at *3 ("Ninth Circuit precedent… makes clear that a claimant who is represented by counsel waives any issues or evidence not presented at his or her administrative hearing"). Plaintiff is not entitled to raise manipulative limitations, and evidence related thereto, for the first time in his appeal before the district court.

///

6

  **B. Substantial evidence supports the physical RFC**

  In determining Plaintiff's physical RFC, the ALJ addressed the opinions from Drs. Damania, Bobba, and Ocrant. (Doc. 12-2 at 38-39.) As noted above, Dr. Damania performed an examination that included—but was not limited to— testing of grip strength, motor strength, range of motion, and reflexes. (*Id.* at 525-30.) Dr. Damania indicated that based upon the information provided and the clinical findings, Plaintiff had "[n]o limitations" with manipulative activities. (*Id.* at 529.) Similarly, after reviewing the medical record, Drs. Bobba and Ocrant did not identify any handling, fingering, or feeling limitations. (*See id.* at 168, 171-72, 186, 223-24.) The ALJ found the opinions of Drs. Damania, Bobba, and Ocrant were persuasive, and Plaintiff did not challenge the ALJ's evaluation of the persuasiveness of these opinions under the regulations.[3] The Court finds these medical opinions are substantial evidence, as the magistrate judge determined. Consequently, even if Plaintiff had not waived the issue of manipulative limitations, substantial evidence supports the omission of manipulative limitations from Plaintiff's residual functional capacity.

  **C. Substantial evidence supports the mental RFC**

  As the magistrate judge found, in determining the RFC, the ALJ considered—and found persuasive— the opinions of Drs. Brode and D'Amado, who "both indicated that Plaintiff did *not* have social interaction limitations, and explained, as to socialization specifically, that Plaintiff had sufficient ability to maintain appropriate behavior in a context of ordinary social demands and public contact and was capable of accepting instructions and responding appropriately to feedback from supervisors." (Doc. 23 at 8, citing AR 170, 222 [emphasis in original]; *see also* Doc. 12-2 at 34-35.) To the extent Plaintiff now challenges the opinions of Drs. Brode and D'Amado in his objections, the argument was not made before the magistrate judge, who noted

---

[3] For applications filed on or after March 27, 2017, the Commissioner revised the rules for the evaluation of medical evidence at the administrative level. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg 5844-01 (Jan. 18, 2017). Because Plaintiff filed the current application on August 14, 2017 (Doc. 12-2 at 30), Plaintiff's claim is subject to the revised rules. The revised regulations direct ALJs to determine how persuasive a medical opinion is according to the following factors: supportability, consistency, relationship with the claimant, specialization, and other factors showing the medical source's "familiarity with … other evidence in the record or an understanding of [the] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)-(5), §§ 416.920c(c)(1)-(5).

specifically that Plaintiff did not challenge the ALJ's evaluation of this evidence. (*Id.*) The Court exercises its discretion to decline consideration of the arguments concerning the opinions of Drs. Brode and D'Amado raised for the first time in the objections. *See Syed v. M-I, L.L.C.*, 2014 WL 6685966, at *7 (E.D. Cal. Nov. 26, 2014) ("A district court has discretion to consider or decline new arguments raised for the first time in an objection to a findings and recommendations") (citing *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002)); *Beckley v. Berryhill*, 2019 WL 521580, at *2 (C.D. Cal. Feb. 8, 2019) (declining to consider an argument raised for the first time in objections to a magistrate judge's recommendation to affirm the administrative decision). The Court agrees the medical opinions of Drs. Brode and D'Amado are substantial evidence in support of the mental RFC.

The ALJ also considered Plaintiff's "course of treatment" and "generally benign nature of the claimant's mental status examinations" to determine Plaintiff's mental RFC. (Doc. 12-2 at 38.) Notably, as the magistrate judge observed, Plaintiff also did not challenge the ALJ's determination that his mental status examinations were generally benign. (Doc. 23 at 8.) The treatment notes—including evidence that Plaintiff's anxiety improved with treatment—also support the ALJ's decision. Accordingly, the Court adopts the finding of the magistrate judge that substantial evidence supports the mental RFC.

**D.     Plaintiff's subjective statements**

In evaluating a claimant's statements regarding the severity of his symptoms, an ALJ must determine first whether objective medical evidence shows an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if there is no evidence of malingering, the ALJ must set forth clear and convincing reasons for rejecting subjective complaints. *Id.* at 1036. The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." (Doc. 12-2 at 36.) Because the ALJ did not identify evidence of malingering, she was required to identify clear and convincing reasons for rejecting Plaintiff's subjective statements. *Lingenfelter*, 504 F.3d at 1035-36.

Evaluating Plaintiff's subjective statements, the ALJ found they were "inconsistent because the claimant's reports to his treatment providers, objective medical findings, and course of treatment do not support the claimant's allegations of disability." (Doc. 12-2 at 37; *see also id.* at 36-37.)  The ALJ explained:

> The claimant's allegations of disabling physical limitations are not consistent with examination findings demonstrating the claimant to have normal range of motion and normal strength throughout his musculoskeletal system. (Ex. C2F/48). The claimant's allegations of disabling psychiatric limitations are not consistent with his remarks that his anxiety improved with treatment. (Ex. C13F). The claimant's allegations that his conditions affect his walking abilities are inconsistent with treatment records demonstrating the claimant to have a normal gait. (Ex. C13F/11, 15, 19, 23, 27, 28, 38, 39). The claimant's reported physical limitations are not consistent with his reported symptoms to his treatment providers, which lack ongoing complaints of symptoms in his upper extremities. The claimant's reported memory limitations are inconsistent with examinations demonstrating his memory to be intact. (Ex. C3F/4, 8; Ex. C4F/6, 14, 16, 18; Ex. C10F/5, 7; Ex. C11F/2, 4, 6, 8, 10, 20, 25; Ex. C13F/39). The claimant's reported social limitations are not consistent with treatment notes describing the claimant as cooperative. (Ex. C2F/16, 48; Ex. C4F/5, 12, 14, 16, 18; Ex. C10F/5; Ex. C11F/2, 4, 6, 8, 10, 15, 19, 24). The claimant's allegations of disability are not consistent with the infrequent and conservative nature of his medical care, which has lacked inpatient psychiatric care or invasive surgical interventions for his physical impairments.

(*Id.* at 37-38.)  The Court finds these are clear and convincing reasons to discount Plaintiff's subjective statements.

The Ninth Circuit determined an ALJ may consider the objective medical evidence when the ALJ carries the burden to "specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).  The ALJ met the burden here, by identifying specific examples in the record that conflict with Plaintiff's reported difficulties with physical, mental, and social limitations.  Similarly, the ALJ was entitled to consider Plaintiff's the nature of the treatment Plaintiff received and his report that his anxiety improved with the treatment.  *See* 20 C.F.R. § 416.929(c) (the ALJ may consider "the type, dosage, effectiveness, and side effects of any medication"); *Parra v. Astrue,* 481 F.3d 742, 750-51 (9th Cir. 2007) ("Evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment'").

Plaintiff's objection to the ALJ's characterization of his mental health treatment as conservative is unpersuasive. Although Plaintiff asserts "*this* Court holds that treatment with medications alone, as well as increasing dosages and changing medications are indicative of treatment that is not necessarily conservative," he cited only cases from the Central District. (Doc. 24 at 6, emphasis omitted.) The Eastern District found an ALJ "reasonably" characterized treatment as conservative where the ALJ noted the claimant "no psychiatric hospitalizations, no history of suicide attempts, no history of outpatient treatment, no history of psychotherapy, and no history of psychosis or manic episodes." *See Wells v. Comm'r of Soc. Sec.*, 2017 WL 3620054, at *9 (E.D. Cal. Aug. 22, 2017). It is also undisputed that Plaintiff received only conservative care for his physical impairments.

Finally, even though Plaintiff questions the specificity of citing treatment records that include an exhibit of 41 pages, Plaintiff also concedes the exhibit cited by the ALJ "does in fact reveal that Plaintiff reported improvement." (Doc. 20 at 14.) Thus, the cited evidence supports the ALJ's evaluation of Plaintiff's subjective statements. *See* 20 C.F.R. § 416.929(c); *see also Porter v. Kijakazi*, 2022 WL 3230092, at *11-12 (E.D. Cal. Aug. 9, 2022) (finding the ALJ properly considered a claimant's improvement and holding "improvement with treatment… is a clear and convincing reason for discounting his subjective symptom testimony").

The ALJ met her burden to identify several clear and convincing reasons supporting the adverse credibility determination, which were "sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Accordingly, the Court adopts the finding of the magistrate judge that "the ALJ did not err in the evaluation of Plaintiff's subjective complaints." (*See* Doc. 23 at 13.)

**IV.     Conclusion and Order**

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court conducted a *de novo* review of the case. Having carefully reviewed the entire matter, including Plaintiff's objections, the Court finds the Findings and Recommendations are supported by the record and proper analysis. Because ALJ applied the proper legal standards, and the decision was supported by substantial evidence in the

record, the administrative decision is affirmed.  *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987); *see also Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ").  Thus, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 23) are **ADOPTED** in full.
2. Plaintiff's Motion for Summary Judgment (Doc. 20) is **DENIED**.
3. Defendant's request to affirm the administrative decision (Doc. 22) is **GRANTED**.
4. The Clerk of Court is directed to terminate any pending motions; enter judgment in favor of defendant Martin O'Malley, Commissioner of Social Security, and against Plaintiff Porifirio Leon Guzman; and to close this case.

IT IS SO ORDERED.

Dated:   **March 19, 2024**

UNITED STATES DISTRICT JUDGE